PEOPLE v BARTEL

Docket No. 170860. Submitted May 9, 1995, at Detroit. Decided October 6, 1995, at 9:25 A.M. Leave to appeal sought.

Christopher J. Bartel was convicted following a bench trial in the Recorder's Court for the City of Detroit, Richard P. Hathaway, J., of felonious driving. He appealed, alleging that the alley where the incident occurred was not a "highway," and, therefore, a necessary element of the offense was not proved.

The Court of Appeals *held:*

The evidence did not establish that the defendant was driving "upon a highway" when the incident occurred. The Legislature, in enacting the statute regarding felonious driving, intended the defining feature of a "highway" to be whether it is publicly maintained, not whether it is open for public travel. The evidence did not indicate that the alley was publicly maintained.

Reversed.

CRIMINAL LAW — FELONIOUS DRIVING — WORDS AND PHRASES — HIGHWAY.

The Legislature, in enacting the statute regarding felonious driving that pertains to every person who drives any vehicle "upon a highway," intended the defining feature of a highway to be whether it is publicly maintained, not whether it is open for public travel (MCL 752.191; MSA 28.661).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Mary Du-Four Morrow,* Assistant Prosecuting Attorney, for the people.

*Rebecca S. Eaton,* for the defendant.

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic § 322.

What amounts to reckless driving of motor vehicle within statute making such a criminal offense. 52 ALR2d 1337.

Before: MARKEY, P.J., and MACKENZIE and C. H. STARK,* JJ.

PER CURIAM. Following a bench trial, defendant was convicted of felonious driving, MCL 752.191; MSA 28.661, and was sentenced to two years' probation. We reverse.

This case arises out of a September 23, 1992, incident in which defendant's Ford Bronco collided with a ten-year-old bicyclist in an alley. At the time of the collision, defendant was in the process of completing, or had just completed, a right turn out of a parking area between two businesses and into the alley, which runs behind the businesses. The bicyclist suffered the loss of hearing in one ear and some residual psychological injury as a result of the collision.

MCL 752.191; MSA 28.661 provides in relevant part:

> Every person who drives any vehicle *upon a highway* carelessly and heedlessly in wilful and wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property and thereby injuring so as to cripple any person, but not causing death, shall be guilty of the offense of felonious driving. [Emphasis added.]

The sole issue on appeal is whether the evidence established that defendant was driving his Bronco "upon a highway" when he struck the bicyclist. We conclude that it did not.

The felonious driving statute does not define "highway." The prosecution urges this Court look to the statute governing the operation of a motor vehicle while under the influence of intoxicating

---

* Circuit judge, sitting on the Court of Appeals by assignment.

liquor (OUIL), MCL 257.625; MSA 9.2325, to find that the alley in this case was a "highway" because it was open to the general public. We decline to do so. Unlike the felonious driving statute, which by its terms is confined to incidents occurring on a "highway," the OUIL statute expressly states that its scope goes beyond highways, encompassing the operation of a vehicle "upon a highway *or* other place open to the general public *or* generally accessible to motor vehicles, including an area designated for ·the parking of vehicles." MCL 257.625(1); MSA 9.2325(1) (emphasis added). Indeed, the Legislature's juxtaposition of "highway" and "other place open to the general public" in the OUIL statute suggests a legislative understanding that not all places open for public travel are necessarily "highways."

As discussed by both parties, the commentary accompanying the criminal jury instructions regarding the offense of felonious driving, CJI2d 15.10, provides some guidance in determining what constitutes a highway for purposes of the statute by suggesting looking at the statutory definitions contained in the Michigan Vehicle Code. MCL 257.20; MSA 9.1820 and MCL 257.64; MSA 9.1864 both define "highway or street" in nearly identical language as

> the entire width between the boundary lines of every way *publicly maintained* when any part thereof is open to the use of the public for purposes of vehicular travel. [Emphasis added.]

In contrast, MCL 257.44(2); MSA 9.1844(2) defines "private road" as

> a *privately owned and maintained* road, allowing access to more than 1 residence or place of business, which is normally open to the public and

upon which persons other than the owners located thereon may also travel. [Emphasis added.]

On the basis of these statutes, it appears that the Legislature intended the defining feature of a "highway" *not* to be whether it is open for public travel, but, instead, whether it is publicly maintained.

In this case, the record is devoid of any evidence whether the alley where defendant collided with the bicyclist was publicly or privately maintained. In the absence of evidence that the alley was publicly maintained, there was insufficient proof that the offense occurred on a "highway," a necessary element of the offense of felonious driving. We therefore reverse defendant's conviction.

Reversed.